# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 7, 2023

Lyle W. Cayce
Clerk

―――――――

No. 22-30806
Summary Calendar

―――――――

Michael A. James,

*Plaintiff—Appellant*,

*versus*

Joshua Clark; Jordan Webb; Nathan Harrison; Terrall Lockett; Eric David; Thomas Weimer; Leigh Rice; John Mistretta; Andrew Palermo; Chris Johnson; J. Hale; Unknown Dakota; James Cooper; J. Geen; Jaclyn Chapman; Sid J. Gautreaux, III; Unknown Houston DEA Agent 1; Unknown Houston DEA Agent 2; Unknown Houston DEA Agent 3; Unknown East Baton Rouge Sheriff Officer,

*Defendants—Appellees*.

―――――――――――――――――――――――――

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:22-CV-604

―――――――――――――――――――――――――

Before Smith, Southwick, and Wilson, *Circuit Judges*.

Per Curiam:[*]

―――――――――――――――――

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-30806

Michael A. James, proceeding pro se, moves for leave to proceed in forma pauperis (IFP) in this appeal from the dismissal of his civil rights complaint, filed as a pretrial detainee, for failure to state a claim for relief. The motion is a challenge to the district court's certification that the appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

James fails to address the district court's reasons for the dismissal of his complaint for failure to state a claim. Pro se briefs are afforded liberal construction. *See Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993). Nevertheless, when an appellant fails to identify any error in the district court's analysis, it is the same as if the appellant had not appealed the decision. *Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

Because James has failed to challenge any factual or legal aspect of the district court's disposition of his claims or the certification that his appeal is not taken in good faith, he has abandoned the critical issue of his appeal. *See id*. Thus, the appeal lacks arguable merit. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). Accordingly, the motion for leave to proceed IFP is DENIED, and the appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.

The district court's dismissal of James's complaint for failure to state a claim and the dismissal of this appeal as frivolous each count as strikes under 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996), *abrogated in part on other grounds by Coleman v. Tollefson*, 575 U.S. 532, 537 (2015). James is WARNED that if he accumulates three strikes, he will not be permitted to proceed IFP in any civil action or appeal filed while incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).